IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBIN SEAN DAVIS, #126095292, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:20-cv-2889-B-BN |
| ADAM KING, ET AL., | § § § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Robin Sean Davis, an inmate at the Johnson County jail, has filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2241 [Dkt. No. 3], challenging his continued detention at the jail under a bench warrant taking him "into his custody [by] an authorized officer from the State of Texas from his place of confinement in Alva, Wood County, Oklahoma on the 25th day of February 2020," *id.* at 9 (Davis "was placed into custody and arrived at the Cleburne, Johnson County, Texas jail on February 25, 2020.").

His federal case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle.

Davis appears to challenge his continued detention at least in part under the Interstate Agreement on Detainers Act (the "IADA"), 18 U.S.C. app. 2, "a congressionally-sanctioned compact between the federal government and the states," which "creates uniform and cooperative procedures to be used for lodging and

executing a detainer when one state seeks to obtain temporary custody of and prosecute a prisoner in another state or federal facility," *Chauhan v. Jones*, No. 4:16-cv-525-A, 2017 WL 6314143, at *2 (N.D. Tex. Dec. 8, 2017) (citing *Alabama v. Bozeman*, 533 U.S. 146, 148 (2001)),[1] *see* Dkt. No. 3 at 2, 5-7.

A state pretrial detainee "is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 if two requirements are satisfied." *Ray v. Quarterman*, No. 3:06-cv-850-L, 2006 WL 2842122, at *1 (N.D. Tex. July 24, 2006), *rec. adopted*, 2006 WL 2844129 (N.D. Tex. Sept. 29, 2006). Davis's continued custody satisfies the first requirement. But he must also exhaust his "available state remedies." *Id.* at *1 & n.1 (explaining that, "[d]espite the absence of an exhaustion requirement in the statutory language of § 2241, the courts have developed an exhaustion doctrine, holding that federal courts should abstain from the exercise of jurisdiction until the issues are resolved in state court"; citing *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Braden v. 30th Judicial Circuit Ct of Ky.*, 410 U.S. 484, 489-92 (1973)); *see also Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973) ("With respect to collateral attack on convictions in state court, the requirement was codified in 28 U.S.C. § 2254(b), but the requirement applies to all habeas corpus actions.").

> State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by a currently available and adequate procedure. *Braden*, 410 U.S. at 489. This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427,

---

[1] *See also Williams v. Wetzel*, No. 3:17-cv-1730, 2018 WL 1095568, at *2 (M.D. Pa. Feb. 28, 2018) ("The IADA is a compact between forty-eight states, the federal government, and the District of Columbia (Mississippi and Louisiana are not parties to the agreement)." (citation omitted)).

> 443 (5th Cir. 1982). A Texas pretrial detainee must present his claim to the Texas Court of Criminal Appeals. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).
>
> A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent exceptional circumstances, a pre-trial detainee may not adjudicate the merits of his claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489.

*Ray*, 2006 WL 2842122, at *1; *see also Braden*, 410 U.S. at 493 ("Derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed.).

This exhaustion requirement applies to habeas claims made under the IADA. *See Gibson v. Klevenhagen*, 777 F.2d 1056, 1058 (5th Cir. 1985) ("The law is clear that a person in custody in one state against whom another state has a detainer, may attack the interstate detainer on federal habeas corpus. Furthermore, Gibson sufficiently exhausted his state remedies at the time he filed his habeas petition." (citation omitted)); *see, e.g., Birdwell v. Skeen*, 983 F.2d 1332, 1335 (5th Cir. 1993) ("Birdwell appealed to both the Texas Court of Appeals, and later, to the Texas Court of Criminal Appeals. The former court affirmed his conviction, holding that the IADA provisions had not been violated. The latter court declined to hear the case. Having exhausted his state-law remedies, Birdwell has here turned to the federal courts.").[2]

---

[2] *Cf. Hutson v. Scott*, 74 F.3d 1237, 1995 WL 783407, at *1 (5th Cir. Nov. 30, 1995) (per curiam) ("Because Hutson is not attacking a state-court conviction, but a detainer lodged on charges pending in Oklahoma, his petition is more properly construed as arising under 28 U.S.C. § 2241 rather than under § 2254." (citations omitted)).

While Davis attaches to his Section 2241 petition a habeas application that he appears to have filed in state court in Johnson County, *see* Dkt. No. 3 at 9-11, he provides no evidence that he has exhausted his available state remedies by presenting his claims to the Texas Court of Criminal Appeals. He has therefore failed to exhaust his available state remedies. *See, e.g., Birdwell*, 983 F.2d at 1335.[3] And, because Davis also fails to show that exceptional circumstances of peculiar urgency excuse the exhaustion requirement, this Court lacks jurisdiction over his Section 2241 petition.

## Recommendation

The Court should dismiss the pending habeas action without prejudice to Petitioner Robin Sean Davis's right to pursue available state court remedies.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

---

[3] *Cf. Arnold v. Hobbs*, No. 3:13CV140-A-V, 2013 WL 5724133, at *2-*3 (N.D. Miss. Oct. 21, 2013) (dismissing Section 2241 petition without prejudice for failure to exhaust state remedies after first observing that, while the petitioner's IADA-based claim may fail since "Mississippi is not a signatory to the [IADA]," because "Arnold has filed no motion for speedy trial in [the state court, and thus] "the Mississippi Supreme Court has not had an opportunity to address this claim. Once Arnold has presented his claims to the Mississippi Supreme Court, he may return to this court seek relief.").

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 22, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE